IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


KENDALL JAMAL WASHINGTON                                              PLAINTIFF


v.                                    Case No. 1:23-cv-01107


SHERIFF RICKY ROBERTS;
CAPTAIN LISA WORLEY; and
OFFICER DENNIS ORLANDO                                               DEFENDANTS


## ORDER

Currently before the Court is Plaintiff's failure to comply with Orders of the Court and to prosecute this matter.  Plaintiff Kendall Jamal Washington submitted this 42 U.S.C. § 1983 action *pro se* on November 29, 2023.  ECF No. 1.  Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP") with his Complaint.

On November 29, 2023, the Court entered an order directing Plaintiff to file a completed IFP Application by December 20, 2023.  ECF No. 2.  This Order was sent to Plaintiff's address of record at the Union County Detention Center, but was returned as undeliverable mail on December 21, 2023.  ECF No. 4.  Plaintiff was given until January 22, 2024 to update the Court with his new address.  Plaintiff failed to do so.  Plaintiff has not communicated with the Court since originally filing his Complaint on November 29, 2023.  ECF No. 1.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

>monitor the progress of the case, and to prosecute or defend the action diligently.
>. . . If any communication from the Court to a *pro se* plaintiff is not responded to
>within thirty (30) days, the case may be dismissed without prejudice.  Any party
>proceeding *pro se* shall be expected to be familiar with and follow the Federal
>Rules of Civil Procedure.

Local Rule 5.5(c)(2).  Additionally, the Federal Rules of Civil Procedure specifically contemplate

dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with

orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)

(stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant

to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to

comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis

added).

Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders.

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court

finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby

**DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2